IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| W&WSENS DEVICES INC.,<br><br>    *Plaintiff,*<br><br>        v.<br><br>SAMSUNG ELECTRONICS CO., LTD., and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>    *Defendants.* | Case No. 2:24-CV-00854-JRG<br><br>**<u>JURY TRIAL DEMANDED</u>** |

**SAMSUNG'S MOTION TO DISMISS PLAINTIFF'S
<u>FIRST AMENDED COMPLAINT UNDER RULE 12(B)(6)</u>**

**Table of Contents**

I. Introduction ........................................................................................................................ 1

II. Statement of the Issues ...................................................................................................... 2

III. Factual Background ........................................................................................................... 2

    A. The Asserted Patents and Accused Instrumentalities .................................................. 2

    B. Procedural History ....................................................................................................... 2

IV. W&W's Pre-Suit Willful and Indirect Infringement Claims for the '871, '360, and '948 Patents Should Be Dismissed ............................................................................................. 3

    A. Legal Standards ........................................................................................................... 3

        1. Willful Infringement ................................................................................... 3

        2. Indirect Infringement .................................................................................. 4

    B. W&W's Pre-Suit Willful Infringement Claims Should Be Dismissed for Failing to Allege Pre-Suit Knowledge of the '871, '360, and '948 Patents .................................. 4

    C. W&W's Pre-Suit Indirect Infringement Claims Should Also Be Dismissed for Failing to Allege Pre-Suit Knowledge of the '871, '360, and '948 Patents ............................. 8

V. Conclusion .......................................................................................................................... 9

## **Table of Authorities**

**Pages**

**Cases**

*Advanced Coding Techs. LLC v. Google LLC*,
  No. 2:24-cv-00353-JRG, 2024 WL 5110058 (E.D. Tex. Dec. 13, 2024) .............................. 6, 9

*Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*,
  No. 2:21-cv-00172-JRG, 2022 WL 610796 (E.D. Tex. Jan. 24, 2022) ..................................... 5

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................ 3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................................ 3

*Commil USA, LLC v. Cisco Sys., Inc.*,
  575 U.S. 632 (2015) ................................................................................................................ 8

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
  No. 6:14-cv-00752-JRG-JDL, 2015 WL 4910427 (E.D. Tex. Aug. 14, 2015) ......................... 4

*CyboEnergy, Inc. v. Hoymiles Power Elecs. USA, Inc.*,
  No. 2:23-cv-00311-JRG, 2024 WL 1219725 (E.D. Tex. Mar. 20, 2024) .......................... 4, 5, 9

*Dialect, LLC v. Bank of Am., N.A.*,
  No. 2:24-cv-00207-JRG, 2024 WL 4980794 (E.D. Tex. Dec. 4, 2024) ............................ 6, 8, 9

*Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*,
  946 F.3d 1367 (Fed. Cir. 2020) ............................................................................................... 3

*Fractus, S.A. v. TCL Corp.*,
  No. 2:20-cv-00097-JRG, 2021 WL 2483155 (E.D. Tex. June 2, 2021) ................................... 4

*Glob.-Tech Appliances, Inc. v. SEB S.A.*,
  563 U.S. 754 (2011) ................................................................................................................ 8

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
  579 U.S. 93 (2016) .................................................................................................................. 4

*In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*,
  681 F.3d 1323 (Fed. Cir. 2012) ............................................................................................... 4

*K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*,
  714 F.3d 1277 (Fed. Cir. 2013) ............................................................................................... 3

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
    869 F.3d 1372 (Fed. Cir. 2017) .................................................................................. 3

*Monterey Rsch., LLC v. Renesas Elecs. Corp.*,
    No. 2:24-cv-00238-JRG, 2024 WL 4980795 (E.D. Tex. Dec. 4, 2024) ................................. 6, 9

*Norman IP Holdings, LLC v. Lexmark Int'l, Inc.*,
    No. 6:11-cv-00495-LED, 2013 WL 12153575 (E.D. Tex. Mar. 25, 2013) ................................ 5

*NXP USA Inc. v. MediaTek Inc.*,
    No. 2:21-cv-00318-JRG, 2022 WL 799071 (E.D. Tex. Mar. 15, 2022) ................................... 6

*Signode Industrial Group LLC v. Samuel, Son & Co., Ltd.*,
    No. 2:24-cv-00080-JRG, 2024 WL 3543408 (E.D. Tex. July 25, 2024) .............................. 7, 8

*Soverain IP, LLC v. Microsoft Corp.*,
    No. 2:17-cv-00204-RWS-RSP, 2018 WL 1465792 (E.D. Tex. Mar. 26, 2018) ....................... 7

*State Indus., Inc. v. A.O. Smith Corp.*,
    751 F.2d 1226 (Fed. Cir. 1985) ................................................................................... 7

*Touchstream Techs., Inc. v. Altice USA, Inc.*,
    No. 2:23-cv-00060-JRG, 2024 WL 1117930 (E.D. Tex. Mar. 14, 2024) ........................ 4, 6, 7

*Xiamen Baby Pretty Prods. Co. v. Talbot's Pharms. Fam. Prods., LLC*,
    No. 3:21-cv-00409, 2021 WL 5831346 (W.D. La. Nov. 23, 2021) ........................................ 5

**Statutes**

35 U.S.C. § 271 ............................................................................................................. 4

**Rules**

Fed. R. Civ. P. 8 ............................................................................................................ 3

Fed. R. Civ. P. 12 ...................................................................................................... 2, 3

Defendants, Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Defendants" or "Samsung"), respectfully move to dismiss the First Amended Complaint ("FAC") filed by Plaintiff, W&Wsens Devices, Inc. ("W&W"), for failing to adequately plead pre-suit willful and pre-suit indirect infringement as to either Defendant for three of the six Asserted Patents.

## I.     Introduction

The FAC fares no better than the original Complaint. Although W&W dropped two Samsung entities from this lawsuit to remedy its improper-venue problem, the FAC does not cure the glaring deficiencies in its pre-suit willful and indirect infringement claims. In other words, despite having a preview of Defendants' arguments from their prior motion to dismiss (Dkt. 38), W&W still fails to plead any facts supporting pre-suit knowledge for three of the Asserted Patents (including its newly added patent), a necessary element for both pre-suit willful and pre-suit indirect infringement. Worse yet, W&W tacitly concedes as much, alleging that it "specifically identified to Samsung *three of the six* Asserted Patents" and that Samsung had "specific knowledge" of its alleged infringement of the *other three* patents "since at least the date of this Complaint." Based on the weight of authority from this Court, W&W's failure to plausibly plead pre-suit knowledge warrants dismissal of its pre-suit willful and pre-suit indirect infringement claims for these three patents.

1

**II.     Statement of the Issues**

Whether W&W's pre-suit willful infringement and pre-suit indirect infringement allegations should be dismissed under Federal Rule of Civil Procedure 12(b)(6) when the FAC fails to plausibly plead any pre-suit knowledge of three of the six Asserted Patents?[1]

**III.    Factual Background**

   **A.     The Asserted Patents and Accused Instrumentalities**

W&W now asserts six patents in this case: U.S. Patent Nos. 12,087,871 (the "'871 Patent"), 11,621,360 (the "'360 Patent"), 10,468,543 (the "'543 Patent"), 10,446,700 (the "'700 Patent"), 9,525,084 (the "'084 Patent"), and 12,243,948 (the "'948 Patent) (collectively, "the Asserted Patents"), all concerning semiconductor components. *See* Dkt. 52, ¶¶ 25-32. W&W alleges that Samsung's Complementary Metal-Oxide Semiconductor (CMOS) image sensors (CIS) (the "Accused CIS"), its "Time-of-Flight" CMOS image sensors (collectively, "the Accused Sensors"), and certain Samsung end-user products incorporating the Accused CIS Sensors infringe at least one claim of each Asserted Patent. *See id.*, ¶¶ 44-51.

   **B.     Procedural History**

W&W initiated this action on October 21, 2024. Dkt. 1. In its original Complaint, W&W asserted five patents against four different Samsung entities: Samsung Semiconductor, Inc. ("SSI"), Samsung Austin Semiconductor LLC ("SAS"), SEA, and SEC. Dkt. 1, ¶¶ 3-8, 28-34. Samsung moved to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6) for improper venue as to SSI and SAS and for failing to state a claim for pre-suit willful and indirect

---

[1] Because W&W added the '948 Patent *after* filing the original Complaint, "pre-suit" in this context has a different meaning for the three Asserted Patents at issue in this motion. For the '871 and '360 Patents, pre-suit refers to the period before the original Complaint, but it refers to the period before the Amended Complaint was filed for the '948 Patent.

infringement. Dkt. 38. At the same time, Samsung moved to transfer this case to a more convenient forum (NDCA). Dkt. 39.

Soon thereafter, W&W requested venue discovery from Samsung in connection with Defendants' motions, and the parties submitted an agreed-upon Order for a limited period of venue-related discovery, which the Court granted. Dkts. 44-45. During venue discovery, apparently recognizing it had no basis to file suit against SAS and SSI in this Court, W&W informed Samsung that it would dismiss SAS and SSI from the lawsuit to moot Defendants' Rule 12(b)(3) motion based on improper venue. W&W also indicated that it planned to amend its Complaint to add a recently issued patent. W&W filed the FAC on April 16, 2025, adding the '948 Patent and dropping SAS and SSI from the lawsuit. *See* Dkt. 52. This motion followed.

### IV. W&W's Pre-Suit Willful and Indirect Infringement Claims for the '871, '360, and '948 Patents Should Be Dismissed

#### A. Legal Standards

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This "requires more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For patent infringement cases, the complaint must "place the alleged infringer 'on notice of what activity . . . is being accused of infringement.'" *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (quoting *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013)).

#### 1. Willful Infringement

Willfulness requires "deliberate or intentional infringement." *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020) (citing *Halo Elecs., Inc. v.*

*Pulse Elecs., Inc.*, 579 U.S. 93, 105 (2016)). As this Court has repeatedly reaffirmed, "willful infringement allegations require that the defendant know of the asserted patents." *CyboEnergy, Inc. v. Hoymiles Power Elecs. USA, Inc.*, No. 2:23-cv-00311-JRG, 2024 WL 1219725, at *6 (E.D. Tex. Mar. 20, 2024) (citing *Touchstream Techs., Inc. v. Altice USA, Inc.*, No. 2:23-cv-00060-JRG, 2024 WL 1117930, at *2-3 (E.D. Tex. Mar. 14, 2024)); *see also Fractus, S.A. v. TCL Corp.*, No. 2:20-cv-00097-JRG, 2021 WL 2483155, at *4 (E.D. Tex. June 2, 2021) ("Knowledge of the asserted patents is a prerequisite.") (citation omitted).

### 2. Indirect Infringement[2]

To properly assert induced infringement under 35 U.S.C. § 271(b), a complaint must "(1) adequately plead direct infringement by defendant's customers; (2) contain facts plausibly showing that defendant specifically intended for its customers to infringe the asserted patents; and (3) contain facts plausibly showing that the defendant knew that the customer's acts constituted infringement." *See Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-cv-00752-JRG-JDL, 2015 WL 4910427, at *3 (E.D. Tex. Aug. 14, 2015) (citing *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)).

### B. W&W's Pre-Suit Willful Infringement Claims Should Be Dismissed for Failing to Allege Pre-Suit Knowledge of the '871, '360, and '948 Patents

Despite seeking enhanced damages for alleged willful infringement, *see* Dkt. 52, ¶¶ Prayer for Relief (D), W&W fails to allege pre-suit knowledge of the '871, '360, and '948 Patents to support any claim of pre-suit willful infringement. Nor does the FAC contain any factual allegations that might support an inference of pre-suit knowledge, such as sending a pre-suit notice

---

[2] W&W does not allege contributory infringement under 35 U.S.C. § 271(c). *See generally* Dkt. 52.

4

letter or sending claim charts detailing how Defendants purportedly infringe the '871, '360, and '948 Patents. *See* Dkt. 52, ¶¶ 88-103.

To the contrary, in attempting to satisfy the pre-suit knowledge requirement, W&W alleges only that it "specifically identified to Samsung *three of the six* Asserted Patents," effectively conceding that it never disclosed the '871, '360, and '948 Patents to any Defendant.[3] Dkt. 52, ¶ 90 (emphasis added); *cf. id.* ¶¶ 97-98 (alleging that W&W "specifically identified the '084, '700 and '543 Patents"). W&W implicitly acknowledges as much elsewhere in the FAC, where it alleges that Samsung had "specific knowledge of its infringement" of the '871, '360, and '948 Patents "since at least the date of this Complaint, if not earlier." Dkt. 52, ¶¶ 121, 126, 155, 160, 187, 192; *see also CyboEnergy*, 2024 WL 1219725, at *6 (concluding plaintiff "tacitly acknowledge[d]" that it did not plead pre-suit knowledge where it claimed that defendant had actual notice "at least as of the time of the filing of this lawsuit").

When "[f]aced with a total absence of facts in the Complaint to suggest that [a defendant] had pre-suit knowledge of the [Asserted Patents]," this Court has repeatedly concluded that a plaintiff "has failed to state a claim for pre-suit willful infringement." *Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*, No. 2:21-cv-00172-JRG, 2022 WL 610796, at *7 (E.D. Tex. Jan. 24, 2022); *see also, e.g.*, *CyboEnergy*, 2024 WL 1219725, at *6-7 (dismissing pre-suit willful

---

[3] W&W's conclusory allegation that "Samsung has had actual notice and knowledge of the Asserted Patents," Dkt. 52, ¶ 34; *see also id.* ¶ 90, is not only undercut by its other allegations but also is insufficient under well-established pleading principles. *See, e.g.*, *Norman IP Holdings, LLC v. Lexmark Int'l, Inc.*, No. 6:11-cv-00495-LED, 2013 WL 12153575, at *3 (E.D. Tex. Mar. 25, 2013) (explaining that "conclusory allegations regarding knowledge are insufficient" when the complaint presents no facts alleging "whether, when, or how defendant became aware of the patents-in-suit"); *Xiamen Baby Pretty Prods. Co. v. Talbot's Pharms. Fam. Prods., LLC*, No. 3:21-cv-00409, 2021 WL 5831346, at *3 (W.D. La. Nov. 23, 2021) (citation omitted) ("Courts have found that when a complaint makes the conclusory statement that the defendant knew of the patent but fails to allege facts to show how the defendant knew, the complaint does not sufficiently show knowledge of the patent.").

5

infringement allegations where plaintiff "failed to plead any facts plausibly showing that [d]efendant knew of the Asserted Patents prior to this lawsuit"); *Advanced Coding Techs. LLC v. Google LLC*, No. 2:24-cv-00353-JRG, 2024 WL 5110058, at *4 (E.D. Tex. Dec. 13, 2024) (same); *Monterey Rsch., LLC v. Renesas Elecs. Corp.*, No. 2:24-cv-00238-JRG, 2024 WL 4980795, at *6–7 (E.D. Tex. Dec. 4, 2024) (same); *Touchstream*, 2024 WL 1117930, at *1, 3 (same); *NXP USA Inc. v. MediaTek Inc.*, No. 2:21-cv-00318-JRG, 2022 WL 799071, at *3 (E.D. Tex. Mar. 15, 2022) (same). Such is the case here where W&W only alleges that Defendants had knowledge of their alleged infringement of the '871, '360, and '948 Patents "since at least the date of this Complaint." Dkt. 52, ¶¶ 121, 126, 155, 160, 187, 192. Accordingly, W&W cannot plausibly maintain its claim for pre-suit willful infringement of these three patents.

While W&W may point to allegations that Samsung was purportedly informed of W&W's "patent portfolio" and "other related patents," *see id.*, ¶¶ 90-99, "[m]ultiple district courts, post-*Halo*, have held that general knowledge of a patent portfolio without more is insufficient even to plausibly allege knowledge of a particular asserted patent." *Dialect, LLC v. Bank of Am., N.A.*, No. 2:24-cv-00207-JRG, 2024 WL 4980794, at *3 (E.D. Tex. Dec. 4, 2024) (citation omitted). For similar reasons, W&W's newly added allegations—that the USPTO identified two W&W patent applications during prosecution of two of Samsung's own patents, *see* Dkt. 52, ¶ 89—do not cure the defects in W&W's pre-suit claims.

Even if these two W&W patent applications "share common subject matter with the Asserted patents" and are "part of the chain of applications" leading to *one* of the Asserted Patents (i.e., the '360 Patent), as W&W alleges, *id.,* that would not amount to a plausible showing of pre-suit knowledge, for the FAC still fails to allege that Samsung cited—and therefore had knowledge of—the '871, '360, and '948 Patents during prosecution of its own patents. Indeed, this Court has

6

rejected similar arguments on multiple occasions. *See, e.g.*, *Touchstream*, 2024 WL 1117930 at *2-3 (dismissing allegations of pre-suit willful infringement, concluding that knowledge of "an earlier filed, pending application—even if that application is part of the same patent family as the Asserted Patents—cannot support knowledge of the Asserted Patents"); *Signode Industrial Group LLC v. Samuel, Son & Co., Ltd.*, No. 2:24-cv-00080-JRG, 2024 WL 3543408, at *2-4 (E.D. Tex. July 25, 2024) (dismissing pre-suit willfulness claim where plaintiff alleged that defendant had cited plaintiff's unrelated patents and patent applications during the prosecution of defendant's own patent but failed to allege that defendants "cited any of the *Asserted Patents* during patent prosecution").

Lest there be any doubt on this point, the timeline alone undermines any argument that the prosecution history of Samsung's own patents somehow supports knowledge of the *Asserted Patents*. W&W avers that the USPTO identified certain W&W patent applications in 2018 and 2019. *See* Dkt. 52, ¶ 89. But that was several years *before* each of the '360, '871, and '948 Patents issued, which occurred in 2023, 2024, and 2025, respectively. *Id.*, ¶¶ 26-28 (alleging that the '360, '871, and '948 Patents issued). As a practical matter, even if Samsung had cited these two W&W patent applications, that could not plausibly show pre-suit knowledge of the '360, '871, and '948 Patents because they did not exist until years later. *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) ("To willfully infringe *a patent,* the patent must exist and one must have knowledge of it."). That W&W alleges that its two patent applications were identified by *the USPTO*—not Samsung—further weakens an already implausible argument of pre-suit knowledge. *Cf. Soverain IP, LLC v. Microsoft Corp.*, No. 2:17-cv-00204-RWS-RSP, 2018 WL 1465792, at *2 (E.D. Tex. Mar. 26, 2018) (distinguishing cases where courts rejected arguments

7

that "defendants knew of the asserted patents because the [USPTO] examiner"—not the defendants—"cited the patents during prosecution of the defendants' patent applications").

Finally, any argument by W&W that the FAC establishes pre-suit knowledge based on allegations of willful blindness should also be rejected. To plead willful blindness, W&W must plausibly plead that Defendants: (1) subjectively believed that there is a high probability that a fact exists; and (2) took deliberate action to avoid learning of that fact. *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011). W&W does neither. Although the FAC alleges that Samsung has been "willfully blind" to its alleged infringement, *see, e.g.*, Dkt. 52, ¶¶ 102, 133, 166, 198, it pleads no facts indicating Defendants believed there was any probability—much less a "high" one—that the '871, '360, and '948 Patents existed before the original Complaint or the FAC was filed. The FAC fails to even allege that Defendants took deliberate actions to avoid learning of the '871, '360, and '948 Patents. "The absence of such an allegation is dispositive." *Signode*, 2024 WL 3543408, at *4; *Dialect*, 2024 WL 4980794, at *3–4 (rejecting willful blindness argument on same grounds).

  **C. W&W's Pre-Suit Indirect Infringement Claims Should Also Be Dismissed for Failing to Allege Pre-Suit Knowledge of the '871, '360, and '948 Patents**

As with willful infringement, a claim for induced infringement "requires knowledge of the existence of the patent that is infringed." *Dialect*, 2024 WL 4980794, at *2 (citing *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 640 (2015)). For the reasons discussed above, W&W has also failed to plead facts showing Defendants had pre-suit knowledge of the '871, '360, and '948 Patents. *See supra* § IV.B. With no supporting facts, W&W's bald allegations—that "Samsung" has "actively, knowingly, and intentionally" induced infringement of the '871, '360, and '948 Patents or "has been willfully blind" to such inducement, *see* Dkt. 52, ¶¶ 127, 133, 161, 166, 193, 198—fail to state a claim for pre-suit indirect infringement. Indeed, many recent decisions from

8

this Court have dismissed similarly deficient pre-suit indirect infringement claims, where the plaintiff "failed to plead facts plausibly showing that [d]efendant knew of the asserted patents prior to [the] lawsuit." *Dialect*, 2024 WL 4980794, at *3-4; *see, e.g.*, *CyboEnergy*, 2024 WL 1219725, at *6 (same); *Monterey Rsch.*, 2024 WL 4980795, at *4 (dismissing pre-suit induced infringement claim for one of four asserted patents where the allegations regarding plaintiffs' pre-suit correspondence with defendants were limited to the other three patents); *Advanced Coding*, 2024 WL 5110058, at *2 (dismissing pre-suit indirect infringement allegations where plaintiff admitted it did not allege pre-suit knowledge). The same result should issue here.

## V.    Conclusion

For the foregoing reasons, Samsung respectfully requests that the Court dismiss W&W's claims of pre-suit willful infringement and pre-suit indirect infringement for the '871, '360, and '948 Patents.

| | |
|---|---|
| DATED: April 30, 2025 | Respectfully submitted,<br><br>*/s/ Melissa R. Smith*<br>Melissa R. Smith<br>Texas State Bar. No. 24001351<br>GILLAM & SMITH LLP<br>303 South Washington Ave.<br>Marshall, TX 75670<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br>melissa@gillamsmithlaw.com<br><br>Gerald F. Ivey (*pro hac vice*)<br>Parmanand K. Sharma (*pro hac vice*)<br>Daniel F. Roland (*pro hac vice*)<br>Kai Rajan<br>Christina Ji-Hye Yang (*pro hac vice*)<br>Michael J. Aragon<br>Min Yang (*pro hac vice*)<br>FINNEGAN, HENDERSON, FARABOW,<br>   GARRETT & DUNNER, LLP<br>901 New York Avenue, NW<br>Washington, DC 20001-4413<br>Telephone: (202) 408-4000<br>Facsimile: (202) 408-4400<br>gerald.ivey@finnegan.com<br>parmanand.sharma@finnegan.com<br>daniel.roland@finnegan.com<br>kai.rajan@finnegan.com<br>christina.yang@finnegan.com<br>michael.aragaon@finnegan.com<br>min.yang@finnegan.com<br><br>Charles H. Suh (*pro hac vice*)<br>FINNEGAN, HENDERSON, FARABOW,<br>   GARRETT & DUNNER, LLP<br>1875 Explorer Street, Suite 800<br>Reston, VA 20190-6023<br>Telephone: (571) 203-2700<br>Facsimile: (202) 408-4400<br>charles.suh@finnegan.com |

        Benjamin R. Schlesinger  (*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
271 17th Street, NW, Suite 1400
Atlanta, GA 30363-6209
Telephone: (404) 653-6400
Facsimile: (202) 408-4400
benjamin.schlesinger@finnegan.com

Jinwoo Kim (*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
3300 Hillview Avenue, 2nd Floor
Palo Alto, CA 94304
Telephone: (650) 849-6600
Facsimile:  (650) 849-6666
jinwoo.kim@finnegan.com

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd., &*
*Samsung Electronics America, Inc.,*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on April 30, 2025.

 */s/ Melissa R. Smith*
 Melissa R. Smith