IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| W&WSENS DEVICES INC., <br><br> *Plaintiff,* <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> *Defendants.* | Case No. 2:24-CV-00854-JRG |

**SAMSUNG'S MOTION TO STAY PENDING**
***INTER PARTES*** **REVIEW AND POST GRANT REVIEW**

**TABLE OF CONTENTS**

I.    INTRODUCTION: THE CASE SHOULD BE STAYED PENDING IPRS & PGR ................................................................................................................. 1

II.    BACKGROUND: IPRS & PGR WERE FILED DURING EARLY CASE DEVELOPMENTS ............................................................................................... 2

III.    ARGUMENT: THE FACTORS SUPPORT A STAY ....................................... 3

    A.    The Case Is in Its Early Stages ............................................................... 3

    B.    The IPR and PGR Proceedings Challenge All Asserted Claims and Will Simplify the Issues for the Court and Parties ........................................... 5

    C.    W&W Will Suffer No Undue Prejudice ................................................. 8

IV.    CONCLUSION: A STAY IS WARRANTED ................................................... 9

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aylus Networks, Inc. v. Apple Inc.*,
856 F.3d 1353 (Fed. Cir. 2017) ............................................................................................ 4, 7

*Chart Trading Dev., LLC v. Tradestation Grp., Inc.*,
No. 6:15-cv-01136-JDL, 2016 WL 1246579 (E.D. Tex. Mar. 29, 2016) ................................. 3

*Clinton v. Jones*,
520 U.S. 681 (1997) ................................................................................................................. 3

*Customedia Techs., LLC, v. DISH Network Corp.*,
No. 2:16-cv-00129-JRG, 2017 WL 3836123 (E.D. Tex. Aug. 9, 2017) .................................. 3

*CyWee Grp. Ltd. v. Samsung Elecs. Co.*,
No. 2:17-cv-00140-WCB-RSP, 2019 WL 11023976 (E.D. Tex. Feb. 14, 2019) ..................... 4

*Harbor Island Dynamic, LLC v. Samsung Elecs. Co.*,
No. 2:24-cv-00140-JRG-RSP, Dkt. 81 (E.D. Tex. May 19, 2025) ........................................... 9

*Huawei Techs. Co. v. T-Mobile US, Inc.*,
No. 2:16-cv-00052-JRG-RSP, 2017 WL 4385567 (E.D. Tex. Sep. 9, 2017)
*report and recommendation adopted by*, 2017 WL 4314580 (E.D. Tex. Sep. 28, 2017)
(Gilstrap, J.) ............................................................................................................................. 7

*In re Etter*,
756 F.2d 852 (Fed. Cir. 1985) ................................................................................................. 5

*Landmark Tech., LLC v. iRobot Corp.*,
No. 6:13-cv-00411-JDL, 2014 WL 486836 (E.D. Tex. Jan. 24, 2014) .................................... 3

*NFC Tech. LLC v. HTC Am., Inc.*,
No. 2:13-cv-01058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ...................... passim

*Norman IP Holdings, LLC v. TP-Link Techs., Co.*,
No. 6:13-cv-00384-JDL, 2014 WL 5035718 (E.D. Tex. Oct. 8, 2014) ................................... 5

*Parallel Networks Licensing, LLC v. Ramquest Software, Inc.*,
No. 4:19-cv-00487, 2020 WL 1236266 (E.D. Tex. Mar. 13, 2020) ........................................ 9

*Smartflash LLC v. Apple Inc.*,
621 F. App'x 995 (Fed. Cir. 2015) .......................................................................................... 4

*SSL Servs., LLC v. Cisco Sys., Inc.*,
No. 2:15-cv-00433-JRG-RSP, 2016 WL 3523871 (E.D. Tex. June 28, 2016) ........................ 9

*Stragent LLC v. BMW of N. Am., LLC*,
 No. 6:16-cv-00446, 2017 WL 3709083 (E.D. Tex. July 11, 2017) .......................................... 9

*Tinnus Enters., LLC v. Telebrands Corp.*,
 No. 6:15-cv-00051-RC-JDL, 2017 WL 379471 (E.D. Tex. Jan. 24, 2017) ............................ 6

*Uniloc 2017 LLC v. LG Elecs. U.S.A., Inc.*,
 No. 3:18-cv-03071-N, 2020 WL 374545 (N.D. Tex. Jan. 23, 2020) ........................................ 8

*Uniloc USA Inc. v. Google Inc.*,
 No. 2:17-cv-00231-JRG, Dkt. 47 (E.D. Tex. Oct. 3, 2017) ...................................................... 6

*Versata Software, Inc. v. Callidus Software, Inc.*,
 771 F.3d 1368 (Fed. Cir. 2014) ................................................................................................ 6

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
 759 F.3d 1307 (Fed. Cir. 2014) ............................................................................................ 8, 9

**Statutes**

28 U.S.C. § 1404 .............................................................................................................................. 2

35 U.S.C. § 112 ................................................................................................................................ 5

## TABLE OF EXHIBITS

| | |
|---|---|
| 1 | Plaintiff's Supplemental Disclosure of Asserted Claims and Infringement Contentions, *W&Wsens Devices Inc. v. Samsung Electronics Co., Ltd. et al.*, Case No. 2:24-cv-00854-JRG (E.D. Tex. Served on April 18, 2025) |
| 2 | Petition for *Inter Partes* Review of U.S. Patent No. 10,446,700 *Samsung Electronics Co., Ltd. et al. v. W&Wsens Devices Inc.*, Case No. IPR2025-00996, Paper 1 (PTAB May 20, 2025) |
| 3 | Petition for *Inter Partes* Review of U.S. Patent No. 10,468,543 *Samsung Electronics Co., Ltd. et al. v. W&Wsens Devices Inc.*, Case No. IPR2025-00995, Paper 1 (PTAB May 20, 2025) |
| 4 | Petition for *Inter Partes* Review of U.S. Patent No. 11,621,360 *Samsung Electronics Co., Ltd. et al. v. W&Wsens Devices Inc.*, Case No. IPR2025-00994, Paper 1 (PTAB June 20, 2025) |
| 5 | Petition for *Inter Partes* Review of U.S. Patent No. 12,087,871 *Samsung Electronics Co., Ltd. et al. v. W&Wsens Devices Inc.*, Case No. IPR2025-00993, Paper 1 (PTAB June 25, 2025) |
| 6 | Petition for *Inter Partes* Review of U.S. Patent No. 9,525,084 *Samsung Electronics Co., Ltd. et al. v. W&Wsens Devices Inc.*, Case No. IPR2025-00997, Paper 1 (PTAB July 14, 2025) |
| 7 | Petition for Post-Grant Review of U.S. Patent No. 12,243,948 *Samsung Electronics Co., Ltd. et al. v. W&Wsens Devices Inc.*, Case No. PGR2025-00082, Paper 1 (PTAB August 28, 2025) |
| 8 | Petitioner's Stipulation for U.S. Patent No. 10,446,700 *Samsung Electronics Co., Ltd. et al. v. W&Wsens Devices Inc.*, Case No. IPR2025-00996, Paper 9 (PTAB July 24, 2025) |
| 9 | Petitioner's Stipulation for U.S. Patent No. 10,468,543 *Samsung Electronics Co., Ltd. et al. v. W&Wsens Devices Inc.*, Case No. IPR2025-00995, Paper 9 (PTAB July 24, 2025) |
| 10 | Petitioner's Stipulation for U.S. Patent No. 11,621,360 *Samsung Electronics Co., Ltd. et al. v. W&Wsens Devices Inc.*, Case No. IPR2025-00994, Paper 9 (PTAB August 8, 2025) |
| 11 | Petitioner's Stipulation for U.S. Patent No. 12,087,871 *Samsung Electronics Co., Ltd. et al. v. W&Wsens Devices Inc.*, Case No. IPR2025-00993, Paper 9 (PTAB August 11, 2025) |

| 12 | Petitioner's Stipulation for U.S. Patent No. 9,525,084 *Samsung Electronics Co., Ltd. et al. v. W&Wsens Devices Inc.*, Case No. IPR2025-00997, Paper 9 (PTAB August 22, 2025) |
|---|---|
| 13 | Petitioner's Stipulation for U.S. Patent No. 10,446,700 *Samsung Electronics Co., Ltd. et al. v. W&Wsens Devices Inc.*, Case No. PGR2025-00082, Paper 9 (PTAB October 6, 2025) |
| 14 | Plaintiff's First Amended Complaint for Patent Infringement, *W&Wsens Devices Inc. v. Samsung Electronics Co., Ltd. et al.*, Case No. 2:24-cv-00854-JRG, Dkt. 52 (E.D. Tex. April 16, 2025) |

I.      **INTRODUCTION: THE CASE SHOULD BE STAYED PENDING IPRS & PGR**

Defendants, Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung"), respectfully move to stay this litigation until the Patent Trial and Appeal Board ("PTAB") concludes its *inter partes* review ("IPR") and post grant review ("PGR") (collectively, "the Petitions") of the patents-in-suit, U.S. Patent Nos. 9,525,084 ("'084 patent"), 10,446,700 ("'700 patent"), 10,468,543 ("'543 patent"), 11,621,360 ("'360 patent"), 12,087,871 ("'871 patent"), and 12,243,948 ("'948 patent") (collectively, the "Asserted Patents").

After initially filing suit with five patents, Plaintiff, W&Wsens Devices Inc. ("W&W"), amended its complaint to add a sixth, newly issued patent—the '948 patent. Within three months of W&W filing its first amended complaint and serving amended infringement contentions, Samsung filed five IPR petitions on five Asserted Patents.[1] Six weeks later, Samsung filed its PGR petition against the '948 patent. Samsung's Petitions challenge all Asserted Claims of all Asserted Patents.

At present, all three factors that this Court considers favor staying this case. ***First***, this case is still in its early stages. Defendants' motion to transfer and motion to dismiss remain pending; initial claim construction exchanges have only begun; the *Markman* hearing is not scheduled until February 2026; and trial is scheduled to begin only a few months before most of the PTAB Final Written Decisions issue. ***Second***, the Petitions will simplify (if not eliminate) many issues. The Petitions challenge the patentability of all asserted claims in this case and rely on new prior-art combinations that were not before the Patent Office during examination. Staying this case now will promote judicial economy and streamline discovery efforts. ***Third***,

---

[1] On October 7, 2025, the parties filed a joint motion for partial dismissal, requesting the Court dismiss the '084 Patent from the case. *See* Dkt. 82.

staying the case will not unduly prejudice W&W. The parties do not directly compete; W&W can be adequately compensated by monetary damages for any alleged infringement; and W&W itself delayed in filing suit against Samsung. Every factor supports and warrants a stay.

## II. BACKGROUND: IPRS & PGR WERE FILED DURING EARLY CASE DEVELOPMENTS

W&W initiated this suit on October 21, 2024, alleging that certain CMOS sensors infringe five Asserted Patents. A few months later, on February 11, 2025, Samsung timely moved to dismiss and transfer the case to the Northern District of California under 28 U.S.C. § 1404. Dkts. 38, 39. Following venue discovery, Dkt. 44, W&W filed its First Amended Complaint on April 16, 2025. Dkt. 52. Samsung timely renewed its motions to transfer and dismiss on April 25 and 30, 2025, respectively. Dkts. 58, 59. Both motions remain pending.

W&W served its Supplemental Disclosure of Asserted Claims and Infringement Contentions on April 18, 2025. Ex. 1. Shortly thereafter, Samsung expeditiously filed the Petitions, challenging the patentability for all asserted claims of the Asserted Patents. Exs. 2-7. None of the prior-art combinations presented in the Petitions were considered by the Patent Office during prosecution. *See generally* Exs. 2-7. In support of the Petitions, Dr. Michael Lebby submitted a declaration explaining why all challenged claims are unpatentable.

This district court case is still in its early stages. The Court has not yet ruled on Samsung's pending motions to dismiss and transfer venue. Although Samsung served its Invalidity Contentions on May 2, 2025 (May 30, 2025 for the newly added '948 patent), the bulk of the work in this case still lies ahead. Claim construction exchanges have only begun, with the *Markman* hearing not scheduled until February 2026. Dkt. 56 at 4. Most of the resource-intensive discovery remains too. Other than venue discovery, no depositions have occurred. The deadline to substantially complete document production and exchange privilege logs is not until

December 18, 2025. *Id.* at 5. Fact discovery does not close, and opening expert reports are not due, for another five months (March 16, 2026). *Id.* at 4. Assuming W&W's claims survive dispositive motions (due April 27, 2026), jury selection is not until August 3, 2026. *Id.* at 1.

### III.    ARGUMENT: THE FACTORS SUPPORT A STAY

A district court "has the inherent power to control its own docket, including the power to stay proceedings." *Customedia Techs., LLC, v. DISH Network Corp.*, No. 2:16-cv-00129-JRG, 2017 WL 3836123, at *1 (E.D. Tex. Aug. 9, 2017) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). When considering a stay, the Court "must weigh competing interests and maintain an even balance." *Id*. In analyzing a request to stay pending IPR, courts consider whether (1) the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, (2) the stay will likely result in simplifying the case before the court, and (3) the stay will unduly prejudice the nonmoving party. *See NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-01058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015). "Based on those factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id.*

Here, all three factors favor a stay.

#### A.    The Case Is in Its Early Stages

Because the present case remains "at an early juncture" a stay "can advance judicial efficiency and maximize the likelihood that neither the court nor the parties expend their assets addressing invalid claims." *Landmark Tech., LLC v. iRobot Corp.*, No. 6:13-cv-00411-JDL, 2014 WL 486836, at *3 (E.D. Tex. Jan. 24, 2014) (cleaned up); *see also Chart Trading Dev., LLC v. Tradestation Grp., Inc.*, No. 6:15-cv-01136-JDL, 2016 WL 1246579, at *4 (E.D. Tex. Mar. 29, 2016) (same).

3

Although the parties conducted *venue* discovery and some fact discovery has occurred, the bulk of the resource-intensive discovery remains.[2] Indeed, *no* fact or third-party depositions have occurred; *no* expert reports have been disclosed; the parties are still negotiating ESI search terms, meaning *no* corresponding production has occurred; and the parties have only recently exchanged proposed terms for claim construction, leaving further court-ordered exchanges and briefing ahead. Staying the case would conserve not only the Court's and party resources but also third-party resources spent responding to subpoenas (forthcoming and already served).

The *Markman* hearing is not scheduled until February 3, 2026, with five petitions receiving institution decisions before this date. Dkt. 56. The scheduled start of trial is roughly a year away. *Id.* Any Final Written Decisions in the IPRs should issue within four to five months of trial. Thus, staying this case now would save substantial judicial and party resources and would potentially save non-party resources as well. *Smartflash LLC v. Apple Inc.*, 621 F. App'x 995, 1005 (Fed. Cir. 2015) ("A determination from the PTAB that all the asserted claims are patent ineligible will spare the parties and the district court the expense of any further litigation, including a trial."). Indeed, "the most burdensome parts of the case . . . all lie in the future." *CyWee Grp. Ltd. v. Samsung Elecs. Co.*, No. 2:17-cv-00140-WCB-RSP, 2019 WL 11023976, at *6 (E.D. Tex. Feb. 14, 2019); *Smartflash*, 621 F. App'x at 1005 ("Despite the substantial time and effort already spent in this case, the most burdensome task is yet to come.").

Staying at this stage also reduces significant expenses of the parties and Court resources by avoiding any need to revisit claim construction issues in view of arguments that W&W makes before the PTAB. *See Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1364 (Fed. Cir. 2017)

---

[2] The parties served their respective Disclosures and contentions and provided certain documents and interrogatory responses.

("[S]tatements made by a patent owner during an IPR proceeding, whether before or after an institution decision, can be relied upon to support a finding of prosecution disclaimer."). Accordingly, this factor weighs in favor of a stay.

### B. The IPR and PGR Proceedings Challenge All Asserted Claims and Will Simplify the Issues for the Court and Parties

The likelihood of the pending Petitions simplifying this case is high and supports a stay. The prospect that the Petitions will result in simplification of the issues before the Court is "the most important factor bearing on whether to grant a stay in this case." *NFC Tech.*, 2015 WL 1069111, at *4. Here, the pending Petitions challenge all asserted claims, and thus, their outcome will simplify the issues in this case, if not end it entirely. Should the Petitions result in the cancelation of some or all asserted claims, "either some portion of the litigation will fall away, or the litigation will come to an end altogether." *Id.* at *4. Indeed, a "stay is particularly justified when the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *Id.* at *1 (cleaned up).

As the Federal Circuit and this Court have both observed, an important "auxiliary function [of the PTAB proceeding] is to free the court from any need to consider prior art without the benefit of the [PTAB]'s initial consideration." *Norman IP Holdings, LLC v. TP-Link Techs., Co.*, No. 6:13-cv-00384-JDL, 2014 WL 5035718, at *2 (E.D. Tex. Oct. 8, 2014) (quoting *In re Etter*, 756 F.2d 852, 857 (Fed. Cir. 1985)). Furthermore, the PGR of the '948 patent raises invalidity challenges under § 112 that may impact the district court case. Because the '948 patent and both the '871 and '360 patents share a similar specification, a stay will help preserve resources and ensure there is no inconsistency in § 112 determinations between the district court and the PTAB. Without a stay, the possibility also remains for "[i]nconsistent determinations between [the] district court and the PTAB," which "may provide a reason" to later stay the

district court case pending Federal Circuit guidance of the PTAB's determination. *See Tinnus Enters., LLC v. Telebrands Corp.*, No. 6:15-cv-00051-RC-JDL, 2017 WL 379471, at *2 (E.D. Tex. Jan. 24, 2017).

Even if only one petition were instituted, it would still simplify this case, and there is no requirement that all asserted claims be covered by an IPR for a district court to grant a stay. *See, e.g.*, *Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368, 1371-72 (Fed. Cir. 2014). As this Court has previously recognized, "any disposition by the PTAB is likely to simplify the proceedings before this Court." *NFC Tech.*, 2015 WL 1069111, at *7 (emphasis added); *see also Uniloc USA Inc. v. Google Inc.*, No. 2:17-cv-00231-JRG, Dkt. 47 (E.D. Tex. Oct. 3, 2017) (granting stay where IPRs for two out of four patents-in-suit asserted in multiple related actions were instituted, finding that there was "a significant likelihood that the outcome of the IPR proceedings will streamline the scope and resolution of these cases"). Furthermore, regardless of the outcome of Final Written Decisions, the case will still be simplified because of estoppel principles. *See NFC Tech.*, 2015 WL 1069111, at *4. For each of the Petitions, Samsung has stipulated to not raising "the specific grounds … raised or could have been reasonably raised in the [proceedings]," "[a]ny grounds that include any reference named in" the Petitions grounds, and "[a]ny grounds that use any patent or printed publication that is cited in the [Petitions] as evidence of features of any devices that are used as primary or secondary references in any invalidity combination." *See* Exs. 8-13. Therefore, because the Petitions are highly likely to simplify the issues before this Court, "the most important factor" in the Court's analysis strongly favors a stay. *See id.*

Moreover, staying the case will likely "reduc[e] the complexity and length of litigation." *NFC Tech.*, 2015 WL 1069111, at *4. For example, any statements by W&W before the PTAB

6

will be material evidence for issues including, but not limited to, claim construction. *Aylus Networks*, 856 F.3d at 1359-60; *see also Huawei Techs. Co. v. T-Mobile US, Inc.*, No. 2:16-cv-00052-JRG-RSP, 2017 WL 4385567, at *3-5 (E.D. Tex. Sep. 9, 2017) (holding that statements made to the Patent Office in a preliminary response to a petition for IPR constituted prosecution disclaimer), *report and recommendation adopted by*, 2017 WL 4314580 (E.D. Tex. Sep. 28, 2017).

Staying the present case can also simplify litigation in other ways. For example, staying this case would promote judicial economy and streamline discovery efforts. *See, e.g.*, *NFC Tech.*, 2015 WL 1069111, at *4 ("Many discovery problems relating to prior art can be alleviated by the PTO examination."). Should the PTAB institute and subsequently invalidate all of the asserted claims, then the stay will have saved significant time and "reduced [cost] both for the parties and the Court." *Id*. Even if the PTAB invalidates only some of the asserted claims, the Petitions will still have narrowed the number of asserted claims, "thereby reducing the complexity and length of the litigation," while augmenting the record in ways that may inform the remaining "issues, defenses, and evidence" in this case. *Id.* These benefits likewise apply to the third parties that already have been subpoenaed for depositions and documents related to noninfringement and/or invalidity in this case. Lastly, the outcome of the Petitions "may encourage a settlement without the further use of the Court." *Id*.

The likelihood that some or all of the benefits would flow from the Petitions is high, and a stay pending completion of the Petitions would resolve or significantly simplify issues under any outcome of the proceedings, whether the asserted claims are affirmed or canceled. This factor weighs strongly in favor of a stay.

### C. W&W Will Suffer No Undue Prejudice

W&W will not suffer any undue prejudice if the Court stays the case. "[W]hether the patentee will be unduly prejudiced by a stay in the district court proceedings . . . focuses on the patentee's need for an expeditious resolution of its claim." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014). No such need exists here, and W&W's own actions undercut any argument to the contrary.

Samsung first released an accused CMOS image sensor for a smartphone product and/or tablet in 2010. The first of the Asserted Patents (e.g., the '084 patent) issued on December 20, 2016. Even then, W&W waited nearly *eight* years from the '084 patent's initial issuance to file a complaint against Samsung; W&W waited nearly *five* years from the issuance of both the '700 patent (October 15, 2019) and the '543 patent (November 5, 2019). Ex. 14. These delays alone undercut any claim of undue prejudice. *See VirtualAgility*, 759 F.3d at 1319 (finding that the one-year delay between issuance of a patent and filing suit weighed against a finding of undue prejudice from a stay).

Moreover, W&W and Samsung are not direct competitors. W&W is a patent licensing entity. W&W does not appear to have any other business operations. Nor does W&W appear to have any actual products that practice the Asserted Patents. Indeed, W&W's entire business model appears to be based on its ownership of patents. W&W even admits that it "has not offered for sale or sold any product that embodies any claim of any of the Asserted Patents, nor has it licensed the Asserted Patents to any third Party." Ex. 14, ¶34. The lack of competition between Samsung and W&W weighs against a finding of undue prejudice. *See Uniloc 2017 LLC v. LG Elecs. U.S.A., Inc.*, No. 3:18-cv-03071-N, 2020 WL 374545, at *1 (N.D. Tex. Jan. 23, 2020) ("While 'competition between parties can weigh in favor of finding undue prejudice,' Uniloc and Defendants are not competitors.") (*quoting VirtualAgility*, 759 F.3d at 1318).

Moreover, were it ultimately determined that W&W is entitled to some relief for any alleged infringement of its patents, it can be adequately compensated through monetary damages. "A stay will not diminish the monetary damages"—should W&W succeed—"it only delays realization of those damages." *VirtualAgility*, 759 F.3d at 1318; *SSL Servs., LLC v. Cisco Sys., Inc.*, No. 2:15-cv-00433-JRG-RSP, 2016 WL 3523871, at *2 (E.D. Tex. June 28, 2016) (same). The "mere delay in collecting those damages does not constitute undue prejudice." *Stragent LLC v. BMW of N. Am., LLC*, No. 6:16-cv-00446, 2017 WL 3709083, at *2 (E.D. Tex. July 11, 2017). Indeed, "this factor is present in every case in which a patentee resists a stay, and it is therefore not sufficient, standing alone, to defeat a stay motion." *Harbor Island Dynamic, LLC v. Samsung Elecs. Co.*, No. 2:24-cv-00140-JRG-RSP, Dkt. 81 at 3 (E.D. Tex. May 19, 2025); *NFC Tech.*, 2015 WL 1069111, at *2.

In contrast, Samsung would be prejudiced without a stay because it would continue to incur significant litigation expenses and endure the burden of defending against W&W's infringement allegations, even though substantial aspects of W&W's allegations may be resolved or significantly streamlined by disclaimers W&W makes during the PTAB proceedings or by the PTAB's Final Written Decisions. Where "the only potential prejudice Plaintiff faces is the delay in litigating its patent rights—a minimal prejudice present in every case in which a stay is sought"—this factor weighs in favor of granting the stay. *Parallel Networks Licensing, LLC v. Ramquest Software, Inc.*, No. 4:19-cv-00487, 2020 WL 1236266, at *1 (E.D. Tex. Mar. 13, 2020).

## IV.    CONCLUSION: A STAY IS WARRANTED

For the foregoing reasons, Samsung respectfully requests that the Court grant its motion to stay this case pending final resolution of the Petitions.

Dated: October 8, 2025          Respectfully submitted,

     /s/ *Melissa R. Smith*

Melissa R. Smith
Texas State Bar No. 24001351
**GILLLAM & SMITH LLP**
303 S. Washington Ave.
Marshall, TX 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
melissa@gillamsmithlaw.com

Gerald F. Ivey (*pro hac vice*)
Parmanand K. Sharma (*pro hac vice*)
Christina Ji-Hye Yang (*pro hac vice*)
Daniel F. Roland (*pro hac vice*)
Kai Rajan
Michael J. Aragon
Min Yang (*pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW,**
  **GARRETT & DUNNER, LLP**
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Tel: (202) 408-4000
Fax: (202) 408-4400
gerald.ivey@finnegan.com
parmanand.sharma@finnegan.com
christina.yang@finnegan.com
daniel.roland@finnegan.com
kai.rajan@finnegan.com
michael.aragon@finnegan.com
min.yang@finnegan.com

Charles H. Suh (*pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW,**
  **GARRETT & DUNNER, LLP**
1875 Explorer Street, 8th Floor
Reston, VA 20190-6023
Tel: (571) 203-2700
Fax: (202) 408-4400
charles.suh@finnegan.com

Benjamin Schlesinger (*pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW,**
  **GARRETT & DUNNER, LLP**

10

271 17th St. NW Suite 1400
Atlanta, GA 30363-6209
Tel: (404) 653-6400
Fax: (202) 408-4400
benjamin.schlesinger@finnegan.com
shawn.chang@finnegan.com
wyatt.bazrod@finnegan.com

Jinwoo Kim (*pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP**
3300 Hillview Avenue, 2nd Floor
Palo Alto, CA 94304
Tel: (650) 849-6600
Fax: (650) 849-6666
jinwoo.kim@finnegan.com

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. &
SAMSUNG ELECTRONICS AMERICA, INC.**

11

**CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing (NEF) to all counsel of record who have appeared in this case on behalf of the parties and are deemed to have consented to electronic service per Local Rule CV-5(a)(3).

*/s/ Melissa R. Smith*
Melissa R. Smith

**CERTIFICATE OF CONFERENCE**

I hereby certify that on October 8, 2025, counsel for Samsung and W&W have complied with the meet and confer requirement specified in Local Rule CV-7(h), and this motion is opposed. No agreement was reached, and discussions ended in an impasse, leaving an open issue for the Court to resolve.

*/s/ Melissa R. Smith*
Melissa R. Smith