IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| W&WSENS DEVICES INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. 2:24-CV-00854-JRG |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD. | § | |
| *and* SAMSUNG ELECTRONICS | § | |
| AMERICA, INC., | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Before the Court is the Motion to Stay Pending *Inter Partes* Review and Post Grant Review (the "Motion") filed by Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung"). (Dkt. No. 83). In the Motion, Samsung moves to stay this case pending *inter partes* review ("IPR") and post grant review ("PGR") for each of: U.S. Patent Nos. 9,525,084 ("'084 patent"), 10,446,700 ("'700 patent"), 10,468,543 ("'543 patent"), 11,621,360 ("'360 patent"), 12,087,871 ("'871 patent"), and 12,243,948 ("'948 patent") (collectively, the "Asserted Patents"). (*Id*. at 1). However, the Patent and Trial and Appeal Board ("PTAB") has not instituted review for any of the Asserted Patents. (*Id*. at 6 ("Even if only one petition were instituted, it would still simplify this case"); *see also* Dkt. No. 88-1 at 3).

District courts have the inherent power to control their own docket, including the power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). How to best manage a court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).

"District courts typically consider three factors when determining whether to grant a stay pending *inter partes* review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) (Bryson, J.). "Based on th[ese] factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id.*

Where a motion to stay is filed before the PTAB institutes a proceeding, courts often withhold a ruling pending action on the petition by the PTAB or deny the motion without prejudice to refiling in the event that the PTAB institutes a proceeding. *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1316 (Fed. Cir. 2014) (citing *Checkfree Corp. v. Metavante Corp.*, 2014 WL 466023, at *1 (M.D. Fla. Jan. 17, 2014)); *see also NFC Techs.*, 2015 WL 1069111, at *6. Indeed, this Court has a consistent practice of denying motions to stay when the PTAB has yet to institute post-grant proceedings. *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-cv-1047-WCB, 2015 WL 1069179, at *6 (E.D. Tex. Mar. 11, 2015) (Bryson, J.) ("This Court's survey of cases from the Eastern District of Texas shows that when the PTAB has not yet acted on a petition for *inter partes* review, the courts have uniformly denied motions for a stay.").

Considering these circumstances, the Court concludes that the Motion is premature, and a stay of these proceedings in advance of the PTAB's institution decision should be denied. Accordingly, the Motion is **DENIED WITHOUT PREJUDICE** to refiling of the same, which shall be permitted within fourteen (14) days following the PTAB's institution decisions.

**So ORDERED and SIGNED this 3rd day of November, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE