**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| W&WSENS DEVICES INC., | § | |
| *Plaintiff*, | § | |
| v. | § | CASE NO. 2:24-CV-00854-JRG |
| SAMSUNG ELECTRONICS CO., LTD. *and* SAMSUNG ELECTRONICS AMERICA, INC., | § | |
| *Defendant*. | § | |

**ORDER**

Before the Court is the Motion to Dismiss Plaintiff's First Amended Complaint Under Rule 12(b)(6) (the "Motion") filed by Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung"). (Dkt. No. 59). In the Motion, Samsung moves to dismiss the First Amended Complaint (Dkt. No. 52) (the "FAC") filed by Plaintiff W&Wsens Devices, Inc. ("Plaintiff") for failing to adequately plead pre-suit willful and pre-suit indirect infringement as to either Samsung entity for three (3) of the asserted patents. (Dkt. No. 59 at 1). Having considered the Motion, and its related briefing, the Court finds that it should be **GRANTED-IN-PART and DENIED-AS-MOOT-IN-PART**.

## I. BACKGROUND

On October 21, 2024, Plaintiff filed this case against Samsung, alleging patent infringement. (Dkt. No. 1). Months later, Plaintiff filed the FAC after Samsung moved to dismiss the Original Complaint (*Id.*). (Dkt. No. 52; *see also* Dkt. No. 38). The FAC pleads that Samsung directly and indirectly infringes six (6) of Plaintiff's patents: U.S. Patent No. 12,243,948 (the "'948 Patent"); U.S. Patent No. 12,087,871 (the "'871 Patent"); U.S. Patent No. 11,621,360 (the "'360 Patent"); U.S. Patent No. 10,468,543 (the "'543 Patent"); U.S. Patent No. 10,446,700 (the "'700

Patent"); and U.S. Patent No. 9,525,084 (the "'084 Patent") (collectively, the "Asserted Patents"). (*See* FAC ¶¶ 26–31). The Asserted Patents generally relate to the "enhancement of light detection sensitivity with micro- or nano-structures into the semiconductor surface of photosensitive devices." (*Id.* ¶ 32).

Importantly, Plaintiff seeks pre-suit damages for Samsung's infringement, alleging that such infringement was willful. (*See id.* ¶¶ 88, Prayer For Relief (D)). The FAC supports these allegations by pleading that "Samsung knew of [Plaintiff's] patents at least as early as November 16, 2018." (*Id.* ¶ 89). As evidence, the FAC alleges that the United States Patent and Trademark Office (the "Office") cited "the chain of applications that resulted in the issuance of" the '360 Patent against Samsung during the prosecution of its own patents. (*Id.*). The FAC further alleges that Plaintiff "repeatedly disclosed its patent portfolio to Samsung," specifically identifying three (3) of the six (6) Asserted Patents: the '543, '700, and '084 Patents. (*Id.* ¶¶ 92, 97–98). According to the FAC, the parties discussed these patents between April 25, 2019 and November 30, 2020. (*Id.* ¶¶ 91–99).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court can dismiss a complaint that fails to state a claim upon which relief can be granted. To survive dismissal at this early stage, a complaint must state enough facts such that the claim to relief is plausible on its face. *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads enough facts to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts well-pled facts as true and views

all facts in the light most favorable to the plaintiff, but it is not required to accept the plaintiff's legal conclusions as true. *Id.*

In the context of patent infringement, a complaint must place the alleged infringer on notice of what activity is being accused of infringement. *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017). However, the plaintiff is not required to prove its case at the pleading stage. *Id.* Ultimately, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

## III. ANALYSIS

Samsung moves to dismiss Plaintiff's pre-suit willful and indirect infringement claims for the '871 and '360 Patents.[1] (Dkt. No. 59 at 3). The Court addresses each in turn.

### (a) Pre-suit willful infringement claims for the '871 and '360 Patents

Samsung moves to dismiss Plaintiff's willful infringement claims as to the '871 and '360 Patents on the grounds that the FAC has a "total absence of facts" regarding Samsung's pre-suit knowledge of the patents. (Dkt. No. 59 at 4-5 (quotation omitted)). As support, Samsung contends that the facts within the FAC have no bearing on its pre-suit knowledge of the patents. (*Id.* at 6). Specifically, Samsung asserts that, while the FAC pleads that Plaintiff informed Samsung of its patent portfolio, such an allegation is insufficient to plausibly allege knowledge of a particular patent. (*Id.*). Samsung also maintains that the Office's alleged citation of a patent application that eventually resulted in the '360 Patent has not plausibly shown that Samsung knew of any of the

[1] The Court notes that Samsung also moves to dismiss Plaintiff's pre-suit willful and indirect infringement claims for the '948 Patent. (Dkt. No. 59 at 3). However, Plaintiff represents that, for this patent, it "is limiting its willful and indirect infringement claims . . . [to] when it filed the FAC." (Dkt. No. 60 at 2). Accordingly, the Court finds that this part of the Motion should be **DENIED AS MOOT**.

’871 and ’360 Patents. (*Id*. at 6–7). Additionally, Samsung argues that the FAC has not pled the elements of willful blindness. (*Id*. at 8).

In response, Plaintiff argues that its “extensive” communications with Samsung and the Office’s citation to the Plaintiff’s patent portfolio, taken together, allow the Court to “plausibly ***infer[]***” that Samsung knew of or was willfully blind to the ’871 and ’360 Patents” prior to the filing of this case. (Dkt. No. 60 at 2–3, 6–7 (emphasis in original)). Regarding the parties’ communications, Plaintiff asserts that the FAC alleges more than general awareness of a patent family. (*Id*. at 7 (citing *Enovsys LLC v. T-Mobile USA, Inc.*, No. 2:21-cv-00368-JRG, 2022 WL 3686481, at *2-3 (E.D. Tex. Aug. 24, 2022))). Specifically, Plaintiff notes that it allegedly identified by number applications directly related to the ’871 and ’360 Patents. (*Id*.). Regarding the Office’s citation to Plaintiff’s patent applications, Plaintiff maintains that, because the cited applications are directly related to the ’871 and ’360 Patents, the citations can give rise to an inference of knowledge. (*Id*. at 8–9). According to Plaintiff, the FAC “ties all of these allegations together” to plead that “Samsung knew or, at a minimum, was willfully blind to its infringement of [the] Asserted Patents.” (*Id*. at 11 (citing FAC ¶ 102)).

The Court finds that the FAC has not plausibly alleged that Samsung knew of the ’360 and ’871 Patents. *See Fractus, S.A. v. TCL Corp.*, No. 2:20-cv-00097-JRG, 2021 WL 2483155, at *4 (E.D. Tex. Jun. 2, 2021) (“Knowledge of the asserted patents is a prerequisite [to willful infringement]”) (citing *WCM Indus., Inc. v. IPS Corp.*, 721 Fed. App’x 959, 970 (Fed. Cir. 2018)). For example, the FAC’s alleges that, during Samsung’s prosecution of its own patents, the Office cited patent applications that “resulted in the issuance of” the ’360 Patent. (FAC ¶ 89). This Court has repeatedly found that such an allegation “does not plausibly show that [a] [d]efendant knew of the asserted patents.” *Dialect, LLC v. Bank of Am., N.A.*, No. 2:24-cv-00207-JRG, 2024 WL

4980794, at *3 (E.D. Tex. Dec. 4, 2024) (citing *Touchstream Techs., Inc. v. Altice USA, Inc.*, No. 2:23-cv-00060-JRG, 2024 WL 1117930, at *2 (E.D. Tex. Mar. 14, 2024)); *see also Soverain IP, LLC v. Microsoft Corp.*, 2018 WL 1465792, at *2 (E.D. Tex. Mar. 26, 2018). To make matters worse, the Court notes that the FAC has not pled that the Office cited the ’871 Patent or a patent application related thereto to Samsung at any time. (*See* FAC ¶ 89).

Further, and even when drawing all reasonable inferences in Plaintiff’s favor, the FAC’s allegation that Plaintiff “repeatedly disclosed its patent portfolio” to Samsung cannot establish pre-suit knowledge for the ’360 and ’871 Patents. (*Id.* ¶ 90). The FAC pleads that Plaintiff identified only three (3) of the Asserted Patents to Samsung, none of which were the ’360 and ’871 Patents. (FAC ¶ 97). Additionally, and while the FAC alleges that Plaintiff identified patent applications that were related to the ’360 and ’871 Patents, notifying a defendant of “an earlier filed, pending application—even if that application is part of the same patent family as the Asserted Patents—cannot support knowledge of the Asserted Patents.” *Touchstream*, 2024 WL 1117930, at *2. Thus, and considering the totality of the circumstances, the FAC has not pled actual knowledge of either the ’360 or ’871 Patents.

Additionally, the Court agrees with Samsung that the FAC has not sufficiently pled that Samsung was willfully blind to the ’360 and ’871 Patents. Willful blindness requires that Samsung (1) subjectively believe that there is a high probability that a fact exists and (2) take deliberate actions to avoid learning of that fact. *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011). Plaintiff has not shown that Samsung had a subjective belief reaching a high probability that it infringed either of the ’360 and ’871 Patents. Indeed, the FAC pleads that Samsung was aware of only related patent applications, of which infringement is not possible. (FAC ¶¶ 89, 94).

Plaintiff's citation to caselaw from a foreign jurisdiction and having different facts has not otherwise persuaded the Court. (Dkt. No. 64 at 2–3).

Accordingly, the Court finds that this portion of the Motion should be **GRANTED**.

**(b) Pre-suit indirect infringement claims for the '871 and '360 Patents**

Samsung also moves to dismiss Plaintiff's pre-suit indirect infringement claims for the '871 and '360 Patents on the grounds that the FAC has not pled that Samsung had the requisite knowledge of the existence of the patent that is infringed. (Dkt. No. 59 at 8). Plaintiff argues that, for the same reasons as above, the FAC has pled the requisite knowledge.

"A plaintiff claiming contributory patent infringement under 35 U.S.C. § 271(c) must prove . . . that the defendant 'knew that the combination for which its components were especially made was both patented and infringing.'" *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, 2015 WL 4910427, at *4 (E.D. Tex. Aug. 14, 2015) (citing *Cross Med. Prods., Inc. v. Medtronic Sofamore Danek, Inc.,* 424 F.3d 1293, 1312 (Fed. Cir. 2005)). Accordingly, and for the same reasons stated above, the Court finds that the FAC has not plausibly pled that Samsung had the requisite knowledge for pre-suit indirect infringement of the '871 and '360 Patents.

Accordingly, the Court finds that this portion of the Motion should be **GRANTED**.

## IV. CONCLUSION

For the reasons stated herein, the Court finds that the Motion (Dkt. No. 59) should be and hereby is **GRANTED** as to the '871 and '360 Patents and **DENIED AS MOOT** as to the '948 Patent. Additionally, the Court **GRANTS LEAVE** to Plaintiff to amend its FAC to address the deficiencies in its pleadings discussed above. Any amended complaint, filed for such purpose, must be filed within 14 days from the date of this Order.

**So ORDERED and SIGNED this 23rd day of December, 2025.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE