**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| W&WSENS DEVICES INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | CASE NO.  2:24-CV-00854-JRG |
| SAMSUNG ELECTRONICS CO., LTD. | § | |
| *and* SAMSUNG ELECTRONICS | § | |
| AMERICA, INC., | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Amend Invalidity Contentions (the "Motion") filed by Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung").  (Dkt. No. 100).  In the Motion, Samsung moves to amend their Invalidity Contentions to include "recent evidence further supporting the appropriate priority date for certain asserted claims."  (*Id*. at 1).  Having considered the Motion and its related briefing, and for the reasons set forth herein, the Court finds that it should be **GRANTED**.

I.      **BACKGROUND**

On May 30, 2025, Samsung served its Invalidity Contentions.  (*See* Dkt. No. 56).  Those contentions challenge the priority date of three (3) related patents-in-suit: U.S. Patent No. 12,242,948 (the "'948 Patent"); U.S. Patent No. 11,621,360 (the "'360 Patent"); and U.S. Patent No. 12,07,871 (the "'871 Patent") (collectively, the "Asserted Patents").  (Dkt. No. 100-1 at 68–69).  Specifically, and whereas Plaintiff alleges that the Asserted Patents have a priority date of May 22, 2013, Samsung contends that they have a priority date of November 22, 2021—almost a decade later.  (*Id*.).

On September 26, 2026, Plaintiff responded to an Office Action issued by the U.S. Patent & Trademark Office (the "Office") during prosecution of U.S. App. No. 19/036,506 (the "'506 Application"), a divisional application to the '948 Patent. (*See* Dkt. No. 105-11). Plaintiff's response challenged the Office's rejection for lack of written description for a claim term—"in which at least some of the [pillar] holes extend 100 to 10000 nm in the light direction"—that the patents-in-suit also recite. (*Id*. at 4–6). According to Samsung, these statements further evidence that the Asserted Patents have a priority date of November 22, 2021. (Dkt. No. 100 at 3).

## II.    LEGAL STANDARD

"Once a scheduling order has been entered in a case and a deadline has been set for filing amended pleadings, the decision whether to permit a post-deadline amendment is governed by Fed. R. Civ. P. 16(b)." *Allergan, Inc. v. Teva Pharms. USA, Inc.*, No. 2:15-CV-1455-WCB, 2017 WL 1512334, at *2 (E.D. Tex. Apr. 27, 2017) (citing *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015)). "Under Rule 16(b)(4), a motion to modify the scheduling order by permitting the filing of an amended pleading after the deadline in the scheduling order may be granted 'only for good cause and with the judge's consent.'" *Id.*

"The party seeking to modify a scheduling order has the burden to show good cause." *Id.* "The Fifth Circuit has directed that in deciding whether to permit amendments to the pleadings after the deadline for such amendments, district courts should consider '(1) the explanation for the party's failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice.'" *Id.* (quoting *United States ex rel. Bias v. Tangipahoa Parish Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016)).

2

### III.    ANALYSIS

The parties dispute each of the good cause factors.  The Court addresses each in turn.

**(a) Samsung's explanation**

Samsung argues that the first good cause factor favors granting leave.  (Dkt. No. 100 at 4). As support, Samsung explains that it learned of the '506 Application and Plaintiff's statements made during prosecution of that application after the deadline to serve its Invalidity Contentions. (*Id*.).  Samsung also asserts that it diligently notified Plaintiff of its intent to file the Motion "[s]hortly after learning of [Plaintiff's] priority representations and . . . the Examiner's October 27, 2025 response."  (*Id*.).

Plaintiff disagrees.  Plaintiff argues that Samsung has no explanation for why it failed to assert this "continuous chain" defense in its original Invalidity Contentions.  (Dkt. No. 105 at 6–7).  As support, Plaintiff notes that Samsung had every document necessary to raise its priority challenge (e.g., the Asserted Patents, the 2013 Provisional, and intervening copending applications) one (1) year ago.  (*Id*.).  According to Plaintiff, Samsung's reliance on the prosecution of the '506 Application is merely "pretext to manufacture a justification for [Samsung's] lack of diligence."  (*Id*. at 8).

The Court finds Samsung's explanation for its delay to be insufficient.  For example, Samsung states that filing the Motion before the Office's October 27, 2025 response "would have been premature" but provides no explanation as to why.  (Dkt. No. 100 at 5).  Even if the Court accepts Samsung's position (which it is not), Samsung has not explained the ***more than two (2) month gap*** between the Office's response and Samsung's filing of the Motion.  (*See* Dkt. No. 100). These facts demonstrate a lack of diligence.

Accordingly, the Court finds that this factor weighs against granting leave.

**(b) The importance of the amendment**

Samsung argues that its proposed amendments are important, favoring leave.  (Dkt. No. 100 at 5).  Specifically, Samsung asserts that the "case dispositive" amendments transform the accused products into invalidating prior art by establishing a priority date of November 22, 2021.  (*Id.*).

Plaintiff argues that the proposed amendments are not "critically important."  (Dkt. No. 105 at 11).  As support, Plaintiff contends that Samsung may still proceed with its invalidity arguments included in its Invalidity Contentions.  (*Id.*).

The Court agrees with Samsung.  Evidence that can "potentially render[] a patent invalid [is] important."  *Uniloc 2017 LLC v. Google LLC*, 2019 WL 6465318, at *2 (E.D. Tex. Dec. 2, 2019).  If, as Samsung alleges, the Asserted Patents have a priority date of November 22, 2021, then the accused products undisputedly could invalidate the Asserted Patents.  The proposed amendments are therefore important.

Accordingly, the Court finds that this factor weighs in favor of granting leave.

**(c) The potential prejudice in allowing the amendment**

Samsung argues that its proposed amendments would not prejudice Plaintiff.  (Dkt. No. 100 at 6).  Samsung reasons that the amendments "simply reference additional evidence relating to the priority date challenges already on the record."  (*Id.*).  As support, Samsung notes that its proposed amendments would not introduce new prior art references, combinations, or invalidity charts.  (*Id.*).

Plaintiff disagrees.  Plaintiff asserts that the case is in an advanced stage and that the amendments "would force Plaintiff to spend more time and resources in modifying its existing [claim] construction[s]."  (Dkt. No. 105 at 12).

The Court agrees with Samsung.  Samsung asserted its priority date defense in its Invalidity Contentions, which it served *over seven (7) months ago*. (Dkt. No. 100-1 at 67–68).  Plaintiff has had "plenty of time" to evaluate its claim construction position in light of Samsung's defense. *GREE, Inc. v. SuperCell Oy*, 2020 WL 5747843, at *2 (E.D. Tex. Sep. 24, 2020).  Any prejudice to Plaintiff is minimal here.

Accordingly, this factor favors granting leave.

**(d) The availability of a continuance to cure such prejudice**

Finally, Samsung argues that a continuance is not required to cure any potential prejudice Plaintiff would incur as a result of Samsung's proposed amendments.  (Dkt. No. 100 at 7). Samsung represents that "[g]ranting leave will not impact the schedule of this case in any manner." (*Id*.).

Similar to above, Plaintiff contends that continuance would be needed to give it more time to evaluate its claim construction positions.  (Dkt. No. 105 at 12).

The Court agrees with Samsung.  Having found that Plaintiff's prejudice is minimal here, the Court is of the opinion that a continuance is unnecessary.

Accordingly, this factor favors granting leave.

## IV.    CONCLUSION

Having found that only one (1) factor disfavors granting leave but three (3) factors favor granting leave, the Court finds that Samsung has shown good cause for the requested leave.

Accordingly, and for the foregoing reasons, the Court finds that the Motion (Dkt. No. 100) should be and hereby is **GRANTED**.  Accordingly, it is **ORDERED** that Samsung shall have leave to amend its Invalidity Contentions to include its evidence further supporting the alleged priority date for the Asserted Patents.

# So Ordered this

**Feb 20, 2026**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE